# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANGELA KELLY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 06-CV-976-WDS |
| UNITED STATES OF AMERICA, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss or for summary judgment (Doc. 17), to which plaintiff responded (Doc. 19).[1] Defendant seeks dismissal of plaintiff's complaint on the grounds that the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680, bars plaintiff's claims. In the alternative, defendant argues that, even if the FTCA does not bar plaintiff's claims, plaintiff has failed to establish that defendant was negligent and, therefore, is not entitled to the relief that she seeks.

## BACKGROUND

On January 4, 2006, plaintiff, a court reporter, was assigned to record an inmate's deposition at the United States Penitentiary in Marion (USP Marion), Illinois. Two security officers, two attorneys, an inmate, and plaintiff were present in the room during the depositions. At some point during that deposition, the attorneys asked to leave the room to discuss a matter in the hallway. One of the security officers escorted the attorneys into the hallway. The other

---

[1]The Court notes that defendant filed its dispositive motion on February 5, 2008, more than one week beyond the scheduled deadline for dispositive motions set for January 18, 2008. The Court also notes, however, that plaintiff responded to defendant's motion without objection. Accordingly, the Court construes defendant's motion as a motion to file out-of-time and GRANTS that motion, as doing so does not create any undue prejudice to the plaintiff.

security officer turned his back to plaintiff and the inmate, but did not leave the room completely. Plaintiff alleges that before the security guards could restrain him, the inmate exposed himself while rushing towards her. Plaintiff claims that staff negligently failed to supervise the inmate, whom staff knew had dangerous tendencies. Plaintiff asserts that she suffered mental and physical pain as a result of those occurrences.

## ANALYSIS

Defendant argues that the FTCA's waiver of sovereign immunity does not apply in this case because the security officers at the United States Penitentiary in Marion (USP Marion) used their own discretion to decide how best to conduct the inmate deposition. The FTCA waives the United States' sovereign immunity from civil actions for money damages arising from negligent or wrongful acts or omissions of government employees. 28 U.S.C. § 1346(b). Title 28 U.S.C. § 2680 limits the FTCA's waiver of sovereign immunity, and provides, in pertinent part:

> The provisions of this chapter and Section 1346(b) of this title shall not apply to – . . .
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a *discretionary function* or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis added). When a government employee makes a discretionary decision "grounded in social, economic, and political policy," the FTCA's waiver of sovereign immunity does not apply. *United States v. Gaubert*, 499 U.S. 315, 323 (1993). To be discretionary, the act or decision must involve "an element of judgment or choice." *Id.* at 322. That act or decision must also be based on considerations of public policy. *Id.* at 323. Even if a

2

government employee abuses his or her discretion by engaging in negligent behavior, as long as that employee makes a discretionary decision based on considerations of public policy, the FTCA's waiver of sovereign immunity does not apply.

Defendant asserts that the security officers were making discretionary decisions because USP Marion has not promulgated any regulations or policies governing security during inmate depositions. Defendant asserts that the security officers at USP Marion were free to exercise their own discretion in deciding how best to conduct security during depositions because no statute, rule, regulation, or administrative policy exists prescribing a course of action for those government employees to follow. Defendants maintain that deciding how best to conduct an inmate deposition relies on social, economic, and political policy considerations.[2]

Plaintiff contends that § 540.51(h) of the Bureau of Prisons' Program States (Program Statement) states that "[s]taff shall supervise each inmate visit." As plaintiff explains, the Program Statement also states that "each institution will develop local procedures and guidelines required to administer this Program Statement." Both parties agree that USP Marion has not yet developed such local procedures and guidelines to specifically govern security rules for inmate depositions. Plaintiff argues that the Program Statement's requirement that "[s]taff shall supervise each inmate visit" establishes a policy dictated by the BOP governing how to conduct inmate visits and, therefore, that the staff at USP Marion could not have been acting as a matter of discretion when plaintiff's encounter with the inmate occurred.

---

[2]Defendant explains that the type of restraint used to protect visitors from inmates is a policy decision based on correctional needs and security concerns. Similarly, decisions regarding room placement for inmate depositions are matters of social and economic policy, such as the number of staff available on shift and room availability. Scheduling, staffing, and managing a deposition are matters of economic, social, and correctional policy considerations because the security needs change as the inmate population changes.

Plaintiff has, however, failed to establish that the security officers at USP Marion were not making discretionary policy decisions when plaintiff's encounter with the inmate occurred. Although the Program Statement requires staff at USP Marion to "supervise" each inmate visit, it also leaves to the discretion of each local facility, including USP Marion, to determine how best to conduct such supervision. Clearly, at least one guard was present at the time of the incident. Because both parties agree that USP Marion never developed local procedures to administer the Program Statement's requirement as to specifically how staff at USP Marion would "supervise" each inmate visit, the security officers were able to exercise their own discretion and, therefore, determine how best to administer the supervision requirement. Whether the officers acted negligently in exercising their discretion is not, therefore, a matter for the Court to consider.

Upon review of the record, the Court **FINDS** that discretionary function exception in 28 U.S.C. § 2680(a) applies in this case and, therefore, that the United States has not waived its sovereign immunity pursuant to the FTCA. As a result, this Court does not have subject matter jurisdiction over plaintiff's claims. Accordingly, the Court **GRANTS** defendant's motion and **DISMISSES** plaintiff's complaint in its entirety, with prejudice, for lack of subject matter jurisdiction. The Clerk of the Court is **DIRECTED** to enter judgment accordingly, each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATED:** March 13, 2008

                    <u>s/ WILLIAM D. STIEHL</u>
                       **District Judge**